CHAMBERS (EVANS v.). See Case No. 4,-555.

## Case No. 2,581a.

CHAMBERS et al. v. The HENRY KNEE-LAND.

[4 Betts, D. C. MS. 17.]

District Court, S. D. New York. Nov. 20, 1844.

PRACTICE IN ADMIRALTY—DISMISSAL FOR WANT OF PROSECUTION—SECURITY FOR COSTS.

[1. Where a party has placed his case upon the calendar and noticed it immediately after issue joined, but, by reason of the accidental absence of his witnesses from the court when the case was called, the same could not be brought to trial, and the opposing party has failed to comply with the rule requiring notice of the cause, it will not be dismissed in accordance with a rule requiring dismissal for neglect to prosecute.]

[2. Security for costs will not be required on a libel for wages, when the answer is "forfeiture for desertion," and an attachment issued after hearing upon summons, but such defense was not then interposed.]

[In admiralty. Libel by Thaddeus Chambers and others against the sloop Henry Kneeland.] Motion [by the claimants] for security for costs and to dismiss libel for want of prosecution.

Before BETTS, District Judge.

It appearing to the court, upon the proofs, that this cause was noticed by the libellants, and put upon the calendar, immediately after issue joined, and with intent to try the same, and that the failure to bring the same to trial was accidental absence of the libellants' witnesses from court when the case was called, and it appearing that the claimants did not notice the cause on their part, as authorized to do by rule 123, it is therefore considered that the libellants have been guilty of no such neglect in the matter as to entitle the claimants to have the libel dismissed under the authority of rule 136. And it further appearing that the defence to the libellants' suit for wages is "forfeiture by desertion," and that the attachment was issued after hearing upon summons, when such defence, if available, might have been made, therefore, it is considered that the motion on the part of the claimants that the libellants file security for costs in the cause be denied; but, upon the facts and equities of the case, it is ordered that no costs be allowed to either party against the other on these motions.